**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| U-Haul International, Inc., et al,  ) | No. CV 04-0662 PHX-DGC |
| )  Plaintiffs, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Lumbermens Mutual Casualty Company, ) | |
| ) | |
| Defendant/Counter-Claimant. ) | |
| ) | |
| Lumbermens Mutual Casualty Company, ) | |
| ) | |
| Defendant/Counter-Claimant, ) | |
| ) | |
| vs. ) | |
| ) | |
| U-Haul International, Inc., et al, ) | |
| ) | |
| Counter-Defendants. ) | |

Pending before the Court is LMC's Motion for Reconsideration of the Court's August 25, 2006 Order. Dkt. #134. Also pending is the parties' additional briefing on LMC's earlier Motion for Reconsideration/Motion for Clarification (Dkt. #132) as required by the Court's order of August 25, 2006. Dkt. #133. This order will address the outstanding issues raised by these filings.

**I.       LMC's Motion for Reconsideration of the Court's August 25, 2006 Order.**

LMC's motion correctly notes that the Court made an error. The Court's order of August 25, 2006, stated that paragraphs 1-6 of LMC's previous motion for reconsideration

1  (Dkt. #132) were untimely. Dkt. #133. In fact, LMC's motion was not untimely in light of
2  the Court's order of June 28, 2006. Dkt. #126. The Court accordingly will reconsider and
3  reverse its ruling that paragraphs 1-6 were untimely.

4  Even considering paragraphs 1-6 as timely, the Court concludes that LMC is not
5  entitled to reconsideration of the Court's order of June 12, 2006. The Court sees no
6  inconsistency in that order. The order holds that the last sentence of the RU policies'
7  definition of Ultimate Net Loss precludes double payment of litigation expenses. The Court
8  did not accept LMC's argument that the sentence precludes LAE from being counted when
9  determining the point at which the RU policies are exhausted and LMC's obligation begins.
10 Dkt. #124 at 8. LMC's argument for reconsideration and clarification contained in
11 paragraphs 1-6 of Dkt. #132 will therefore be denied on the merits.

12 **II.    The Parties' Briefing on Remaining Issues.**[1]

13 Pursuant to the Court's order of August 25, 2006, the parties have provided additional
14 briefing on two issues: LMC's claim that the RG and RX policies' "products completed
15 aggregate limits" do not include LAE, and LMC's argument that Plaintiffs are estopped from
16 claiming that LAE costs are included when determining the trigger point for the LMC
17 policies. The Court will address these issues separately.

18       **A.     Products Completed Aggregate Limit.**

19 The insuring agreement of the RG policy requires Republic Western to pay "those
20 sums that the insured becomes legally obligated to pay as damages because of 'bodily injury'
21 or 'property damage' to which the insurance applies." Dkt. #135, Ex. 1, page 01525. The
22 "Limits of Insurance" endorsement in turn includes "all damages including legal fees, court
23 costs, interest and *other allocated loss expenses* arising out of the same occurrence[.]" *Id.*
24 at 01547 (emphasis added). These provisions apply to the RX policy because of the

---

[1] The Court will deny the requests for oral argument because the parties have submitted memoranda thoroughly discussing the law and evidence and the Court concludes that oral argument will not aid its decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

1  following form endorsement in that policy.  Dkt. #135, Ex. 2, page 01510.  These provisions
2  make clear that the RG and RX policies include LAE.

3  Both policies also contain a "Products Aggregate Endorsement."  Dkt. #135, Ex. 1
4  page 01548, Ex. 2 page 01511.  These endorsements set Republic Western's aggregate limit
5  of liability at $250,000 for the RG policy and $1,750,000 for the RX policy, and apply to "all
6  damages because of 'bodily injury' and 'property damage[.]'" *Id*.  Because the Products
7  Aggregate Endorsement does not expressly include defense costs or LAE, LMC argues that
8  it is narrower than the occurrence limits of the policies and must be read to exclude LAE.
9  The Court does not agree.

10 The insurance policies must be read as a whole.  The Products Aggregate
11 Endorsement refers to the occurrence limits established elsewhere in the policies –
12 occurrence limits that expressly include "allocated loss expenses."  *Id*. at 01547.  The plain
13 and ordinary meaning of the Products Aggregate Endorsement is that it places an aggregate
14 limit on Republic Western's exposure for all occurrences.  *See Sparks v. Republic Nat. Life*
15 *Ins. Co.*, 647 P.2d 1127, 1132 (Ariz. 1982) ("Provisions of insurance policies are to be
16 construed in a manner according to their plain and ordinary meaning.").  The Court cannot
17 conclude that it alters the means of calculating Republic Western's exposure under the
18 policies and the point at which the LMC excess policies are triggered.  Indeed, LMC has
19 admitted in this litigation that the RG and RX policies are "defense within limits" policies.
20 Dkt. #110 at 4.  The Court accordingly will grant partial summary judgment in favor of
21 Plaintiffs on LMC's products completed aggregate limit argument.

22 **B.     Estoppel.**

23 LMC presents evidence that AON was U-Haul's broker, that AON told LMC that the
24 underlying Republic Western policies were defense outside of limits policies, and that LMC
25 relied on these representations.  Dkt. #136.  Plaintiffs argue that LMC's estoppel claim is
26 foreclosed by the Court's "reasonable expectations" ruling and that LMC, in any event, did
27 not "justifiably" rely on AON's representations because LMC, a sophisticated insurer, never
28 read the underlying Republic Western policies.  *Id.*

These arguments present factual issues that cannot be resolved by summary judgment. Whether AON was U-Haul's agent and made the representations in question, and whether the circumstances made LMC's reliance on those representations justifiable, are questions of fact that must be resolved at trial. The Court cannot grant summary judgments for either party on LMC's estoppel claim.[2]

**III.   Where We Go From Here.**

The Court has now dealt with all issues raised by the parties in their motions for summary judgment (Dkt. ##110, 111), joint status report (Dkt. #131), and briefing on motions for reconsideration (Dkt. ##132, 134, 135, 136). Two issues remain: (1) does LMC prevail on its estoppel claim, and (2) what are the damages and other relief, if any, that should be awarded in light of the Court's rulings to date and the outcome of the estoppel claim? These questions must be resolved at trial. The Court will schedule a final pretrial conference by separate order.

**IT IS ORDERED:**

1. LMC's Motion for Reconsideration of the Court's August 25, 2006 Order (Dkt. #134) is **granted**, but the relief sought in its previous motion for reconsideration is **denied**.

2. The Court will schedule a final pretrial conference by separate order. Trial will be limited to the two issues identified above.

DATED this 13th day of October, 2006.

David G. Campbell
United States District Judge

---

[2] The Court concluded in its prior order that the reasonable expectations doctrine was not applicable here. Dkt. #124. That ruling did not resolve LMC's estoppel claim.

- 4 -