**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| U-Haul International, Inc., et al, ) | No. CV 04-0662 PHX-DGC |
| Plaintiffs, ) | |
| vs. ) | **ORDER** |
| Lumbermens Mutual Casualty Company, ) | |
| Defendant/Counter-Claimant. ) | |
| Lumbermens Mutual Casualty Company, ) | |
| Defendant/Counter-Claimant, ) | |
| vs. ) | |
| U-Haul International, Inc., et al, ) | |
| Counter-Defendants. ) | |

Defendant/Counter-Plaintiff Lumbermens Mutual Casualty Company ("LMC") has filed a Motion for Amended and Additional Findings, Motion for Amendment of Judgment, and Motion for a New Trial. Dkt. #172, 173. Plaintiff/Counter-Defendants U-Haul International, Inc. and Republic Western Insurance Company (collectively, "U-Haul") have filed a response. Dkt. #183. LMC has filed a reply. Dkt. #186. The Court will deny LMC's motion.

This case has seen more briefing, re-briefing, and re-argument of issues than any case in the Court's memory. The Court initially granted partial summary judgment to U-Haul almost one year ago. This ruling has been followed by a number of efforts to re-argue matters already decided. LMC's present motion constitutes one more effort in this ongoing

1 pattern.

2 The Court held a bench trial in this matter on March 7, 2007. Prior to the trial, the
3 parties submitted extensive deposition testimony and voluminous written exhibits. Live
4 testimony and extended oral arguments were heard during the bench trial. After carefully
5 considering this evidence, the Court entered judgment in favor of U-Haul. Dkt. #162.

6 LMC's motion asks the Court to reconsider virtually every significant finding that
7 resulted from the bench trial and the essential conclusions from the summary judgment
8 ruling. LMC does not present new evidence that previously was unavailable, does not assert
9 an intervening change in controlling law, and has failed to persuade the Court that its
10 previous findings and conclusions were erroneous.

11 The purpose of post-judgment motions under Rules 52(b) and 59 is to give the Court
12 an opportunity to correct manifest errors of law or fact, allow the parties to present newly
13 discovered evidence, take additional testimony, make additional findings, or take other action
14 in the interests of justice. "This is not to say, however, that a motion to amend should be
15 employed . . . to relitigate old issues, to advance new theories, or to secure a rehearing on the
16 merits." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1219 (5th Cir. 1986); *see also*
17 *Brown v. Wright*, 588 F.2d 708, 710 (9th Cir. 1978). LMC's motion seeks to relitigate issues
18 thoroughly briefed, argued, and decided in the past.

19 The time has come to conclude this case. All of LMC's and U-Haul's arguments have
20 been considered carefully. The Court has made its decision. The Court will not revisit and
21 reconsider that decision on the basis of nothing more than LMC's assertion of arguments
22 already made and rejected.

23 **IT IS ORDERED** that LMC's Motion for Amended and Additional Findings, Motion
24 for Amendment of Judgment, and Motion for New Trial (Dkt. #172) is **denied**.

25 DATED this 30th day of May, 2007.

26
27
28

David G. Campbell
United States District Judge