**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| U-Haul International, Inc., et al, | ) | No. CV-04-662-PHX-DGC |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| Lumbermens Mutual Casualty Company, | ) | |
| Defendant. | ) | |

The Court entered a money judgment against Defendant (Dkt. #166) and subsequently ordered Defendant to pay Plaintiffs' attorneys' fees and costs (Dkt. ##190, 202). Defendant appealed the judgment and award of fees and costs. Dkt. #204. The Court granted Defendant's request to stay enforcement of the judgment pending appeal after Defendant posted an approved supersedeas bond. Dkt. #211; *see* Fed. R. Civ. P. 62(d). Defendant has filed a motion to substitute that single bond with two others. Dkt. #216. Plaintiffs object to the proposed bond substitution. Dkt. #217.

The purpose of Rule 62(d) is to "preserve the *status quo* during a stay pending appeal of a district court decision[.]" *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000). Defendant sought and the Court has ensured the preservation of the *status quo* pending the appeal. Defendant has failed to show that it is entitled to modify the existing bond, the posting of which itself was a "privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money." *Biltmore Associates, L.L.C., v. Twin*

*City Fire Ins. Co.*, No. 05-04220, 2007 WL 2422053, at *1 (D. Ariz. Aug. 22, 2007) (internal quotes and citation omitted). The Court is particularly reluctant to order the bond substitution over Plaintiffs' objection, where the posting of a bond is recognized as an instrument designed to "protect[] the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment." N.L.R.B. v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988). That protection having been provided, the Court declines Defendant's invitation to disturb it.

**IT IS ORDERED:**

1. Defendant's motion for substitute bonds (Dkt. #216) is **denied**.
2. Defendant's request for oral argument (Dkt. #219) is denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

DATED this 4th day of August, 2008.

David G. Campbell
United States District Judge

- 2 -